

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANC CORP USA, | ) |
| Plaintiff, | ) ) ) No. 05 C 7307 |
| v. | ) ) Judge Mark Filip |
| DIBE PEREZ, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Banc Corp USA ("Banc Corp" or "Plaintiff"), filed suit in the Circuit Court of Lake County, Illinois on November 1, 2005, alleging violations of the Illinois Deceptive Practices Act, 720 ILCS 5/17-1 (2005), against Defendant, Ms. Dibe Perez ("Ms. Perez" or "Defendant"). Subsequently, Defendant removed the case to federal court. (D.E. 1.)[1] Ms. Perez has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (D.E. 9.) For the two adequate and independent reasons stated below—one of which is a lack of personal jurisdiction over Defendant—Ms. Perez's motion is granted and the case is dismissed without prejudice.

## BACKGROUND[2]

Plaintiff is an Illinois corporation with its primary place of business in Glenview, Illinois. (D.E. 1, Ex. A ("Complaint") at 1.) Defendant is an individual and a resident of

---

[1] The various docket entries in this case are designated "D.E. ___."
[2] The following facts are taken from the Complaint (D.E. 1, Ex. A) and from Ms. Perez's affidavit. (D.E. 9-3.) For present purposes, the Court accepts the allegations in the Complaint as true, as precedent instructs. *See, e.g., Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 597 (7th Cir. 2004). In addition, in assessing the propriety of personal jurisdiction, the Court accepts as true those facts in Ms. Perez's affidavit that are not refuted by Banc Corp. *Accord, e.g., RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997).

1

the State of New York. (*Id.*) At the time of the incidents in question, Defendant was employed as Director of Operations by the New York law office of Fischbein, Badillo, Wagner & Harding, LLP ("Fischbein"). (D.E. 9-3 (Defendant's affidavit ("Def's Aff.")).) Ms. Perez avers, and Banc Corp does not dispute, that Perez was never a partner or officer of Fischbein. (*Id.*) As part of her employment, Ms. Perez "pa[id] invoices using checks drawn upon [Fischbein's] bank accounts." (*Id.*)

On or about June 9, 2005, Ms. Perez gave Plaintiff a check that she had signed, numbered 84652 ("Check 84652"), in the amount of $37,430.26. (Complaint at 1.) Check 84652 was drawn on Fischbein's account at Commerce Bank in New York, New York. (*Id.*; *see also id.* at 4 (copy of Check 84652).) When Check 84652 was presented to Commerce Bank, it was returned unpaid with the notation "DO NOT REDEPOSIT." (*Id.* at 1.) Subsequently, on or about June 23, 2005, Banc Corp alleges that Ms. Perez gave Banc Corp another check drawn on Fischbein's account, numbered 84688 ("Check 84688"), for $37,430.26. (*Id.*) When Check 84688 was presented to Commerce Bank in New York, New York, it was also returned unpaid, this time with the notation "REFER TO MAKER." (*Id.* at 1-2.) On September 1, 2005, Banc Corp sent a demand letter to Ms. Perez for payment of the check. (*Id.* at 2.) There is no record that Banc Corp ever received payment.

In her affidavit, Ms. Perez offers unrefuted testimony that the two checks at issue were issued on behalf of Fischbein to pay Plaintiff's invoices to Fischbein. (Def's Aff.) Ms. Perez avers without contradiction that she "has never issued a personal check in Illinois." (*Id.*) Ms. Perez further avers without contradiction that she has never resided or knowingly transacted business in Illinois and owns no property in the state. (*Id.*)

2

Banc Corp brings this case under the Illinois Deceptive Practices Act, 720 ILCS 5 17-1(a), and it requests damages in the amount of $77,860.52 plus additional fees and costs.[3] (Complaint at 2.) Ms. Perez moves for dismissal of the Complaint under Fed. R. Civ. P. 12(b)(2) and 12(b)(6), for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted, respectively. (D.E. 9-1.) As explained below, Ms. Perez's motion is granted.

## JURISDICTION AND CHOICE OF LAW

Pursuant to 28 U.S.C. § 1332, the Court has subject matter jurisdiction over the instant case because complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. The parties frame their arguments under Illinois law, and so the Court applies Illinois law. *Accord, e.g., Harter v. Iowa Grain Co.*, 220 F.3d 544, 559 n.13 (7th Cir. 2000) (citation omitted).

## LEGAL STANDARDS

In moving to dismiss claims under Rule 12(b)(2), "the plaintiff bears the burden of proving that personal jurisdiction exists." *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000) (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997)); *accord, e.g., Jones v. Sabis Educ. Sys., Inc.*, 52 F. Supp. 2d 868, 883 (N.D. Ill. 1999) (Gettleman, J.) (citation omitted). When analyzing personal jurisdiction, the court may consider affidavits submitted by the parties. *See, e.g., RAR, Inc.*, 107 F.3d at 1275 (citation omitted); *Zurich*

---

[3] Under the Illinois Deceptive Practices Act, a defendant who violates the Act by issuing a check and subsequently failing to pay the amount of the check may be required to pay damages of treble the amount owed, but no more than $1,500 over the amount owed for each check, plus attorneys fees and costs. *See* 720 ILCS 5/17-1(a).

3

*Capital Mkts. v. Coglianese*, 388 F. Supp. 2d 847, 855 (N.D. Ill. 2004) (St. Eve, J.) (citation omitted). "Any conflicts in the pleadings and affidavits are to be resolved in the plaintiffs' favor, but the court accepts as true any facts contained in the defendants' affidavits that remain unrefuted by the plaintiffs." *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 904 n.3 & 905 (N.D. Ill. 2003) (Alesia, J.) (collecting cases); *accord, e.g., RAR, Inc.*, 107 F.3d at 1275.

On a motion under Rule 12(b)(6), a party "challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). A court ruling on a motion to dismiss must examine the case in the light most favorable to the plaintiff, accepting as true all facts alleged in the complaint. *See, e.g., Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 597 (7th Cir. 2004). Ordinarily, mere notice pleading standards apply, under which dismissal for failure to state a claim is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). In this case, however, the heightened pleading standard of Fed. R. Civ. P. 9(b) applies, because Banc Corp's claim under the Illinois Deceptive Practices Act sounds in fraud. "[C]laims which sound in fraud, as Plaintiff's claim does, must be pled with particularity." *Ivanhoe Fin., Inc. v. Highland Banc Corp.*, No. 03 C 7336, 2005 WL 1498878, at *3 (N.D. Ill. June 9, 2005) (Darrah, J.) (internal quotation marks and citation omitted); *accord, e.g.*, Fed. R. Civ. P. 9(b) (stating that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"); *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 470 (7th Cir. 1999) (similar; citation omitted).

## DISCUSSION

I.  Plaintiff Has Failed To Prove That Personal Jurisdiction Exists Over Ms. Perez

The sole basis Plaintiff provides for personal jurisdiction over Defendant is that "Perez transacted business in this county [in Illinois] by writing a bad check to Banc Corp. which was received and deposited in this state." (Complaint at 1.) Ms. Perez counters that "her performance of [writing the checks] in New York on behalf of her employer" and sending the checks to Illinois for deposit is insufficient for this Court to assert personal jurisdiction over her. (D.E. 9-2 at 1.) The Court agrees with Ms. Perez.

The Seventh Circuit has taught that "[a] district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003); *accord, e.g., RAR, Inc.*, 107 F.3d at 1275 ("A federal district court exercising diversity jurisdiction has personal jurisdiction, of course, only if a court of the state in which it sits would have jurisdiction.") (citation omitted). Because the Illinois statutory and constitutional inquiries essentially collapse into the Illinois constitutional inquiry, the Court need only consider whether an assertion of personal jurisdiction over Ms. Perez would comport with state and federal constitutional standards. *See RAR, Inc.*, 107 F.3d at 1276 (under Illinois law analysis applicable for federal district court sitting in diversity, the personal jurisdiction inquiry "collapse[s] into two constitutional inquiries—one state and one federal."). The Court need not consider whether an assertion of jurisdiction here would violate the Due Process Clause of the Fourteenth Amendment, because, as Ms. Perez argues, it is clear that an assertion of jurisdiction over her does not comport with fundamental jurisprudential tenets regarding

5

personal jurisdictional under Illinois law. *See, e.g., Rollins v. Ellwood*, 565 N.E.2d 1302, 1314 (Ill. 1990) (adopting the fiduciary shield doctrine as a principle of Illinois constitutional law concerning personal jurisdiction, "[t]he effect [of which] is to limit the jurisdictional power of the Illinois courts."); *see also Glass v. Kemper Corp.*, 930 F. Supp. 332, 338 (N.D. Ill. 1996) (Alesia, J.) (dismissing defendant under principles of Illinois fiduciary shield doctrine and stating, "the court must take into consideration both federal and Illinois due process to determine whether jurisdiction is proper. If jurisdiction is improper under either federal or Illinois due process, this court cannot exercise jurisdiction over the defendant.").

Personal jurisdiction can be found in either of two forms, general or specific. Plaintiff does not allege that Defendant had the type of "substantial, continuous and systematic" contacts with Illinois that would give rise to general jurisdiction. *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 208 F. Supp. 2d 918, 922 (N.D. Ill. 2002) (Gettleman, J.) (internal quotation marks and citation omitted). The Court accordingly finds that Banc Corp has waived any general jurisdiction arguments. *Accord RAR, Inc.*, 107 F.3d at 1277 (finding waiver and focusing "exclusively on specific jurisdiction" where the plaintiff did not allege general jurisdictional contacts). (Any claim of general jurisdiction over Ms. Perez also does not appear to be colorable in any event.)

Specific personal jurisdiction in Illinois may be exercised over a non-resident defendant consistent with due process if two conditions are satisfied. First, the defendant must have "minimum contacts" with Illinois, by which the defendant has purposely availed itself of "the privilege of conducting activities within . . . [Illinois], thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Superior Court of*

*Cal.*, 480 U.S. 102, 109 (1987) (internal quotation marks and citation omitted). In this regard, the defendant itself, rather than the plaintiff or a third party, must create the contacts. *See, e.g., Purdue Research*, 338 F.3d at 780 (collecting authorities). "This requirement ensures that a defendant's amenability to jurisdiction is not based on fortuitous contacts, but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue." *Id.*, 338 F.3d at 780 (citation omitted). Moreover, where a plaintiff asserts that the court has specific personal jurisdiction over a nonresident defendant, the cause of action asserted by the plaintiff must "arise out of" or be "related to" the contacts that occurred in Illinois. *See, e.g., RAR, Inc.*, 107 F.3d at 1277 (citation omitted). Second, even if minimum contacts are found, compelling the defendant to litigate in Illinois also must not offend "traditional notions of fair play and substantial justice." *Asahi*, 480 U.S. at 113.

Ms. Perez argues that the Court lacks personal jurisdiction over her based on the applicability of the "fiduciary shield doctrine" that is part of Illinois constitutional jurisprudence. (D.E. 9 at 1.) She is correct.

In *Rollins v. Ellwood*, 565 N.E.2d 1302 (Ill. 1990), the Illinois Supreme Court adopted the fiduciary shield doctrine as part of Illinois personal jurisdiction law. *Id.* at 1313-14. The fiduciary shield doctrine "precludes courts from exercising jurisdiction over a non-resident corporate official, when the only contacts that individual has with Illinois are made in his or her corporate capacity." *Zurich Capital Mkts., Inc.*, 388 F. Supp. 2d at 859-60 (citing *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994)); *accord, e.g., Rice*, 38 F.3d at 912 (explaining that the "fiduciary shield doctrine," "recognized by the courts of many states including Illinois . . . denies personal

jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal.") (collecting cases; internal citations omitted).

The Illinois Supreme Court's decision in *Rollins* to limit the jurisdictional power of the Illinois courts rested on its reasoning that it would be "unfair and unreasonable, under Illinois' due process clause and the tenets of our concept of the jurisdictional power of the Illinois courts, to assert personal jurisdiction over an individual who seeks the protection and benefits of Illinois law, not to serve his personal interests, but to serve those of his employer or principal." *Id.*, 565 N.E.2d at 1318; *accord, e.g., Jones.*, 52 F. Supp. 2d at 883 (quoting *Rice.* 38 F.3d at 912). Courts have subsequently identified limitations for when a defendant may use the fiduciary shield doctrine to prevent the exercise of personal jurisdiction:

> First, the fiduciary shield doctrine is discretionary or equitable, rather than an absolute entitlement, and should be applied only where equity demands it. Second, the doctrine will be removed if the defendant was acting also, or instead, to serve his own personal interests. Third, the discretion exercised by the individual is a factor that a court should consider when determining whether the fiduciary shield doctrine applies to a case.

*Interlease.* 262 F. Supp. 2d at 912 (collecting cases; internal quotation marks and citations omitted); *accord, e.g., Rice.* 38 F.3d at 912 (discussing the equitable and "personal interest" limitations on the doctrine). As explained below, none of these limitations renders the fiduciary shield doctrine inapplicable in the instant case with respect to Ms. Perez.

Ms. Perez's affidavit asserts that she issued Check 84652 and Check 84688 to Plaintiff on behalf of her employer, Fischbein (Def's Aff.); specifically, she testifies that "[t]he checks were drawn on Fischbein's account to pay for a Fischbein lease obligation."

8

(D.E. 9-2 at 3.) Banc Corp has not contested these averments. As explained further below, Ms. Perez meets the requirements concerning the fiduciary shield doctrine because the allegedly tortious acts and the business transactions that she participated in were performed on behalf of her employer. *See, e.g., Glass*, 930 F. Supp. at 342 ("Because most of Oberst's [defendant's] conduct in Illinois 'was a product of, and was motivated by, his employment situation and not his personal interests, . . . it would be unfair to use this conduct to assert personal jurisdiction over him as an individual.'") (quoting *Rollins*, 565 N.E.2d at 1318) (ellipses in *Glass*).

Banc Corp does not allege that by issuing the checks, Ms. Perez was acting to "serve [her] personal interests." *Rollins*, 565 N.E.2d at 1318; *accord, e.g., Jones*, 52 F. Supp. 2d at 884 (finding that fiduciary shield applied where the allegations in the complaint and the affidavit suggested that the defendant general counsel "was merely carrying out [his employer's] order" in taking the actions that would have subjected him to personal jurisdiction). Nor does Plaintiff allege that Defendant had discretion and "cho[se] to commit the acts that subject[ed] [her] to long-arm jurisdiction." *Id.*, 52 F. Supp. 2d at 884 (concluding that the "discretion" factor supported application of the fiduciary shield where "[p]laintiff alleges nothing to suggest that [defendant] had any discretion whether or not to execute [his employer's] directive.") (collecting cases). Finally, the equities weigh heavily against an assertion of personal jurisdiction; as the Illinois Supreme Court held in *Rollins*, an employee in Ms. Perez's position, that is, an employee in a non-executive role, often "has little or no alternative besides unemployment when ordered to . . . [have contacts with another state] to carry out the wishes of . . . [her] employer." *Id.*, 565 N.E.2d at 1318. Thus, the Court finds that the

fiduciary shield doctrine of Illinois law bars an assertion of personal jurisdiction over Ms. Perez in this diversity suit for her issuance of the two checks on behalf of Fischbein.

Banc Corp argues that liability may be imposed upon an individual who issues a check, even when that individual is acting only as a corporate agent, officer, or employee. (D.E. 16 at 1.) In this regard, Banc Corp cites two cases for the proffered principle that fraudulent or tortious actions taken solely in one's corporate capacity may nonetheless be grounds for the imposition of personal liability under 720 ILCS 5/17-1.[4] (*See id.* at 1

---

[4] In addition, Plaintiff cites *Calder v. Jones*, 465 U.S. 783 (1984), for the proposition that the fiduciary shield doctrine is inapplicable in the present matter. (D.E. 16 at 2.) However, the Supreme Court in *Calder* applied California law in analyzing the jurisdictional question. *See id.*, 465 U.S. at 786 n.5. Unlike the case in Illinois, at the time *Calder* was decided (and through the present day) California did not recognize the fiduciary shield doctrine. *See, e.g.*, *Taylor-Rush v. Multitech Corp.*, 217 Cal. App. 3d 103, 118 (Cal. App. Ct. 1990) (discussing with approval the result in *Calder* and stating that "[w]e are in agreement with those courts that have concluded that an unreasonable and anomalous result would occur if a nonresident individual, acting in his capacity as corporate officer or director, committed a tort for which he may be personally liable and could shield himself from jurisdiction when he could not interpose the same shield as a defense to substantive liability."). In *Rollins v. Ellwood*, 565 N.E.2d 1302 (Ill. 1990), the seminal case concerning the fiduciary shield doctrine under Illinois law, the Illinois Supreme Court specifically discussed *Calder*. While the Illinois Supreme Court acknowledged that *Calder* might allow the State of Illinois to assert personal jurisdiction in at least some instances where it would not be permitted under the Illinois fiduciary shield doctrine, the Illinois Supreme Court held that "the scope of [the] Illinois . . . due process clause is more restricted, precluding such an exercise of jurisdiction over nonresident employees." *Rollins*, 565 N.E.2d at 1315. Put differently, while *Calder* may well allow a constitutionally valid assertion of personal jurisdiction under the Fourteenth Amendment Due Process Clause in some or perhaps many instances where the Illinois fiduciary shield doctrine would preclude it, Illinois constitutional law is more restrictive and does not accept the latitude *Calder* affords. Banc Corp cites no authority that even suggests that Illinois is required to accept the latitude afforded by *Calder* when interpreting the Illinois Constitution, and substantial authority establishes that this Court must, when sitting in diversity, respect the limits the State of Illinois has placed on its assertions of personal jurisdiction under the fiduciary shield doctrine. *See, e.g.*, *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997) ("A federal district court exercising diversity jurisdiction has personal jurisdiction, of course, only if a court of the state in which it sits would have jurisdiction.") (internal quotation marks and citation omitted).

(citing *Veteran Supply Co. v. Swaw*, 548 N.E.2d 667 (Ill. App. Ct. 1989); *In re Philopulos*, 313 B.R. 271 (Bankr. N.D. Ill. 2004).) Assuming *arguendo* that Plaintiff has correctly stated Illinois law on this issue, the Court respectfully finds that this argument does not alter the personal jurisdiction analysis for the reasons explained below.

As a general matter, Illinois law regarding the fiduciary shield doctrine does not provide for a tort exception to the doctrine. *See Rollins*, 565 N.E.2d at 1318 ("[W]e see no reason to fashion an exception to the fiduciary shield doctrine that will expose employees who engage in tortious conduct within the scope of their employment to the personal jurisdiction of the Illinois courts."). Furthermore, the two cases cited by Plaintiff do not support exercising personal jurisdiction over Ms. Perez. Crucially, personal jurisdiction over a non-resident defendant was not at issue or discussed in either *Veteran Supply* or *In re Philopulos*. (Although the cases are not crystal clear on this issue, they appear to have not even involved out-of-state defendant-individuals.) Instead of discussing personal jurisdiction, in both cases, the courts moved directly to the substantive question of personal liability under 720 ILCS 5/17-1. *See Veteran Supply*, 548 N.E.2d at 670 (finding corporate officers personally liable for signing bad checks in violation of the Illinois Deceptive Practices Act, despite the fact that they were acting on behalf of the corporation); *see also In re Philopulos*, 313 B.R. at 280 ("The Debtor is individually liable even though he issued the checks as an agent of [the corporation]."). Precedent teaches that the question of whether Ms. Perez would be liable for violating 720 ILCS 5/17-1, were she an Illinois resident or otherwise subject to suit in Illinois, is not relevant to the question of whether this Court may assert personal jurisdiction over Ms. Perez in the first instance in this suit. *See, e.g.*, *Reimer Express*, 230 F.3d at 944

("[J]urisdiction and liability are separate inquiries. The fact that a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised.") (internal citations omitted).[5] Therefore, Plaintiff's arguments regarding the putative individual liability of corporate agents and officers are inapposite. In addition, precedent teaches that *Veteran Supply* and *In re Philopulos* are not properly understood as reaching any implicit holdings concerning the propriety of personal jurisdiction here, as neither case involved an out-of-state defendant who raised the fiduciary shield defense concerning personal jurisdiction. *See, e.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 119 (1984) (courts do not reach implicit, unreasoned holdings about unraised jurisdictional issues).

Ms. Perez's contacts on behalf of her employer with the State of Illinois may not provide the basis for personal jurisdiction over her, and Banc Corp has failed to offer or show any other basis for personal jurisdiction. Therefore, the Court grants Ms. Perez's motion to dismiss and dismisses Banc Corp's suit without prejudice because of a lack of personal jurisdiction over Ms. Perez.

II.  The Complaint Independently Fails To State A Claim

Moreover and independently, Ms. Perez argues that Banc Corp's Complaint should be dismissed for failure to state a claim upon which relief can be granted. The

---

[5]  The Court also notes that the decision to hold the individuals liable in *Veteran Supply* was specifically grounded on the defendants' status as corporate officers, as opposed to mere employees. *See Veteran Supply Co. v. Swaw*, 548 N.E.2d 667, 669 (Ill. App. Ct. 1989) (noting that "corporate officer status does not insulate [an officer] from individual liability for the torts of the corporation in which he actively participates.") (internal quotation marks and citation omitted). Unlike the defendants in *Veteran Supply*, Ms. Perez has never been an officer of her employer. (Def's Aff.) Thus, *Veteran Supply* is further distinguishable from the present situation.

Court concludes that dismissal is also warranted under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

For civil liability to be established under the applicable section of the Illinois Deceptive Practices Act, Banc Corp must show that the defendant: (1) delivered a check to obtain personal property; (2) knew at the time that the funds in the account were insufficient to pay the check; (3) acted with the intent to defraud; and (4) failed to pay on demand. *See Production, S.A., H2O Specialties, Inc.*, No. 93 C 6935, 1994 WL 630795, at *2 (N.D. Ill. Nov. 9, 1994) (Marovich, J.); *accord, e.g., Veteran Supply*, 548 N.E.2d at 668. Defendant argues that Banc Corp has failed to sufficiently allege the second and third elements—namely, that Defendant knew that the funds in the Fischbein account were insufficient to pay the check, or that Defendant acted with intent to defraud.

As an initial matter, the Court notes that the heightened pleading requirements of Fed. R. Civ. P. 9(b) apply. As previously explained, "claims which sound in fraud, as Plaintiff's claim does, must be pled with particularity." *Ivanhoe Fin., Inc.*, 2005 WL 1498878, at *3 (internal quotation marks and citation omitted); *accord, e.g., Ackerman*, 172 F.3d at 470 (holding that Fed. R. Civ. P. 9(b) requires heightened pleading of all fraud claims in federal court) (citation omitted).[6]

---

[6] Banc Corp's claim under the Illinois Deceptive Practices Act, 720 ILCS 5/17-1a, clearly sounds in fraud. That statutory provision is actually part of the Illinois criminal code, although the State also provides a private right of action for civil claims. *See Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 471 (7th Cir. 2000) ("A section of the Illinois Criminal Code provides civil liability for 'deceptive practices,' including the issuance of bad checks. The Illinois law, which imposes significant penalties on those who write bad checks, holds that after certain collection efforts come up dry, the payee of a bad check, or a person subrogated to the rights of the payee, may sue for the face value of the check, treble damages up to $1,500, and attorneys fees and court costs. 720 ILCS 5 17-1a."); *First Nat'l Bank of Decatur v. Ins. Co. of N. Amer.*, 424 F.2d 312, 315 (7th Cir. 1970) (discussing how the statute prohibits defined "deceptive practice[s]" under

As Ms. Perez explains, the Complaint does not allege the requisite knowledge or fraudulent intent. Moreover, the Complaint does not even allege facts to ground the application of 720 ILCS 5/17-1(B)(d), which provides that "[f]ailure to have sufficient funds or credit with the depository when the check or other order is issued or delivered, or when such check or other order is presented for payment and dishonored on each of 2 occasions at least 7 days apart, is *prima facie* evidence that the offender knows that it will not be paid by the depository, and that he has the intent to defraud." 720 ILCS 5/17-1(B)(d); *see also Veteran Supply*, 548 N.E.2d at 668. Plaintiff has alleged that Check 84652 and Check 84688 (*i.e.*, two distinct checks) were presented for payment approximately 14 days apart, and that each check was dishonored. (*See* Complaint at 1.) However, the Complaint does not state that either of these checks was twice presented and dishonored as 720 ILCS 5/17-1(B)(d) appears to require. Therefore, Banc Corp here has neither alleged that Ms. Perez violated the provisions of section 5/17-1(B)(d) sufficient to present *prima facie* evidence of fraudulent knowledge and intent, nor has it alleged other facts with sufficient particularity as to the fraudulent intent and knowledge requirements of the claim.

Accordingly, the extant Complaint fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 9(b). For this independent and sufficient reason, even if the Court had personal jurisdiction over Ms. Perez (and it does not), the Court would grant Ms. Perez's motion and would dismiss Banc Corp's case against her without prejudice.

---

Illinois law, and how the Committee Comments to the statutory section similarly explain that the section "'is designed to cover a great variety of deceptive practices.'") (quoting Committee Comments).

## CONCLUSION

For the foregoing reasons, the Court grants Ms. Perez's motion to dismiss. (D.E. 9.) The case is dismissed without prejudice for lack of jurisdiction. Furthermore, and independently, even if there were somehow jurisdiction over Ms. Perez, the case would be dismissed without prejudice for failure to state a claim.

So ordered.

Mark Filip
United States District Judge
Northern District of Illinois

Date: 6/5/06